```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

MAURICE HARRIS,                    )
                                   )
          Plaintiff                )
                                   )
     v.                            )  Case No. 2:04 cv 341
                                   )
JO ANNE B. BARNHART,               )
Commissioner of Social Security,   )
                                   )
          Defendant                )
```

OPINION AND ORDER

This matter is before the court on the Application for Attorneys' Fees Under the Equal Access to Justice Act filed by the plaintiff, Maurice Harris, on December 28, 2005, and the Petition for Attorney Fee Pursuant to §206(b)(1) filed by Harris on February 9, 2006. For the reasons set forth below, the Application for Fees is **GRANTED,** and the Petition for Fees is **DENIED**.

Background

On August 26, 2004, plaintiff Maurice Harris filed a complaint in this court seeking review of an unfavorable disability determination by the Commissioner of Social Security. On September 30, 2005, this court granted Harris' motion for summary judgment. In so holding, the court found that the ALJ erroneously found that Harris could perform his past relevant work as a patient transporter without inquiry into the requirements of the

job and without making a finding on Harris' ability to do the job in light of his present abilities.  The ALJ also erred in failing to make any comparison of Harris' past mental RFC, on which he previously had been awarded benefits, with Harris' current RFC, as required by the social security regulations. See 20 C.F.R. §§ 404.1594(b)(1); 404.1594(b)(7).  In remanding, this court further encouraged the ALJ to consider the statements of Harris' employer, which the ALJ had ignored, and to include all the limitations he found Harris to have in his hypotheticals to the Vocational Expert.

On December 28, 2005, Harris timely filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, after this court's order become final and unappealable. *See* 28 U.S.C. §2412(d)(2)(G); Federal Rule of Appellate Procedure 4(a).  He seeks $8,876.40, representing $6,549.44 for 44.85 attorney and law clerk hours spent on the case and $2,326.96 for the 14.75 hours spent on the EAJA petition itself. He subsequently filed a second Petition for Fees.

## Discussion

**Petition for Fees Pursuant to 42 U.S.C. §206(b)(1)**

In recognition that the benefits awarded to the plaintiff following this court's remand were given to him prematurely, the

2

plaintiff does not object to the dismissal of this motion. Accordingly, this motion is denied.

## Application for Fees Under the EAJA

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. §2412(d)(1)(A). *See also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-24 (7th Cir. 2004). In addition, the plaintiff must timely submit a fee application and itemized statement "to the court within 30 days of final judgment." **United States v. Hallmark Construction Company**, 200 F.3d 1076, 1078-79 (7th Cir. 2000). *See also* 28 U.S.C. §2412(d)(1)(B). The "position of the [Commissioner]" means the position of the Commissioner throughout the civil action as well as "the action or failure to act by the [Social Security Administration] upon which the civil action is based." 28 U.S.C. §2412(d)(2)(D). *See also* **Marcus v. Shalala**, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court's award of attorney's fees under the EAJA is reviewed for abuse of discre-

3

tion. *Pierce v. Underwood*, 487 U.S. 552, 560, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); *Golembiewski*, 382 F.3d at 723.

Harris and the Commissioner first dispute whether the Commissioner's position was "substantially justified." The Commissioner's position is substantially justified if it is "'justified in substance or in the main'-- that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 555, 108 S.Ct. at 2550.  See also *Jean*, 496 U.S. at 158 n.6, 110 S.Ct. at 2319 n.6.  According to the Supreme Court, the question of substantial justification is "not what the law now is, but what the Government was substantially justified in believing it to have been." *Pierce*, 487 U.S. at 561, 108 S.Ct. at 2548.  In making this determination, the trial court must consider whether the Commissioner's "position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Hallmark*, 200 F.3d at 1080 (internal quotations omitted); *Marcus*, 17 F.3d at 1036. The Commissioner carries the burden of proof to show that her position was substantially justified. *Golembiewski*, 382 F.3d at 724.

4

The Commissioner was not substantially justified in this case. The ALJ did not simply fail to articulate fully his reasoning here. *See* **Stein v. Sullivan**, 966 F.2d 317, 319 (7th Cir. 1992). Rather, the ALJ failed to conduct the type of comparative analysis that is at the very heart of the review process for ongoing disability benefits. *See* 42 U.S.C. §423(f); 20 C.F.R. §404.1594(f). By only considering Harris' current RFC without reference to Harris' mental RFC at the time of his last favorable decision, the ALJ did not complete the "before and after" comparison critical to any determination of medical improvement. *See* **Yousif v. Chater**, 901 F.Supp. 1377, 1386-87 (N.D. Ind. 1995). In addition, he failed to make specific findings on the requirements of Harris' previous work before summarily concluding that he could perform it, in clear contravention of the Commissioner's Rulings and the law of this Circuit. *See* SSR 82-62, at *3; **Smith v. Barnhart**, 388 F.3d 251, 251-53 (7th Cir. 2004). These core failings are significant.

Nevertheless, the Plaintiff still has the burden of proving that the fees he seeks are reasonable by submitting "evidence in support of the hours worked and rates claimed." **Hensley v. Eckerhart**, 461 U.S. 424, 433, 437, 103 S.Ct. 1933, 1939, 1941, 76 L.Ed.2d 40 (1983). *See also* 28 U.S.C. §2412(d)(1)(B). In

5

formulating his fee calculation, the plaintiff must exercise good billing judgment, which recognizes that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." **Hensley**, 461 U.S. at 434, 103 S.Ct. at 1940.  According to the Supreme Court, "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." **Hensley**, 461 U.S. at 434, 103 S.Ct. at 1039-40.  The district court also may reduce an award for inadequately documented hours, hours that were not reasonably expended, and "for any portion of the litigation in which the party has unreasonably protracted the proceedings." 28 U.S.C. §2412(d)(2)(D); **Jean**, 496 U.S. at 161, 110 S.Ct. at 2320; **Hensley**, 461 U.S. at 433-34, 103 S.Ct. at 1939-40. An EAJA award is within the sound discretion of the district court.  See **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1941.

The Commissioner objects to five time entries made by law clerk Suzanne Blaz, all of which relate to "making adjustments" or "making changes" to the briefs in this case pursuant to the direction of plaintiff's counsel, as clerical in nature.  The plaintiff states that Blaz was making substantive changes to the briefs as would a young associate in response to direction from a

6

partner.  The court has no reason to question this statement, particularly given that the attorney time on the case in chief totaled only 38.3 hours but the record was nearly 450 pages long. Additionally, this case, which dealt with a benefits review, had a different procedural posture with different analytical steps than the typical social security appeal.

Finally, the Commissioner briefly objects to the $100/hour rate that the plaintiff seeks as compensation for the 6.5 hours of work performed by law clerk Blaz.  Blaz has worked exclusively in the social security field since 2001 and anticipates receiving her Juris Doctorate in December of this year. In addition, the bulk of Blaz's work in this case appears to be making drafting changes to the plaintiff's memoranda. Based on the nature of Blaz's work in this case, as well as her experience and substantive legal education, the court finds that $100/hour is reasonable.

_____

For the foregoing reasons, the Application for Attorneys' Fees Under the Equal Access to Justice Act filed by the plaintiff, Maurice Harris, on December 28, 2005 is **GRANTED,** and the Petition for Attorney Fee Pursuant to §206(b)(1) filed by Harris

7

on February 9, 2006 is **DENIED**.  The plaintiff is awarded attorneys fees in the amount of $8,876.40.

ENTERED this 11th day of May, 2006

                                           s/ ANDREW P. RODOVICH
                                              United States Magistrate Judge